**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:15cv41-RWS-JDL |
| | § | |
| ALCATEL-LUCENT USA, INC., ET AL. | § | PATENT CASE |
| | § | |
| Defendants | § | |

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:15cv42 -RWS-JDL |
| | § | |
| ERICSSON, INC., ET AL. | § | PATENT CASE |
| Defendants | § | |

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:15cv43-RWS-JDL |
| | § | |
| AT&T MOBILITY, LLC | § | PATENT CASE |
| | § | |
| Defendant | § | |

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 6:15cv44-RWS-JDL |
| | § | |
| SPRINT SPECTRUM, L.P. | § | PATENT CASE |
| | § | |
| Defendant | § | |

1

| | | |
|---|---|---|
| ADAPTIX, INC., § § § § § § § § § § § | | |
| Plaintiff, | | |
| v. | § | NO. 6:15cv45-RWS-JDL |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS | § § | PATENT CASE |
| Defendant | | |
| ADAPTIX, INC., | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | NO. 6:15cv604 -RWS-JDL |
| ALCATEL-LUCENT USA, INC., ET AL. | | PATENT CASE |
| Defendants | | |

## ORDER

The Court finds that the administrative difficulties associated with serially filed cases wastes judicial resources by requiring common issues to be addressed individually for each case. *See Norman IP Holdings, LLC v. Lexmark Int'nl, Inc.*, No. 6:11cv495, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012). Further, the Federal Circuit has recently noted that trial courts have "considerable discretion" to consolidate matters that share "a common question of law or fact." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (citing FED. R. CIV. P. 42). Because the above-styled cases involve a common question of law or fact, consolidation of the cases would promote efficient case management.

Accordingly, the Court **ORDERS** that the above-styled cases shall be consolidated for pretrial issues only, with the exception of venue. The earliest filed civil action shall serve as the

lead case for consolidated issues. The individual cases will remain active for trial. All motions shall be filed in the consolidated case.

All pending motions, with the exception of venue, are **DENIED** as moot, and shall be refiled in the lead case.[1]

The Clerk of the Court shall add all consolidated defendants to the lead case, as well as each defendants' Lead and Local Counsel only. Should additional attorneys wish to appear in the consolidated case, they should file a Notice of Appearance in the lead case.

**So ORDERED and SIGNED this 27th day of July, 2015.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent any defendant intends to file a motion to dismiss challenging the validity of an asserted patent pursuant to 35 U.S.C. § 101, such motion shall be filed in the lead case. The parties are encouraged to file a single motion in which all defendants join, without preclusion to the filing of a separate motion should an individual defendant feel the need to raise a specific issue not already contained within the joint motion.